UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TABITHA SANDERS, | |
| Plaintiff(s), | Case No. 2:13-cv-01469-JCM-NJK |
| vs. | REPORT AND RECOMMENDATION |
| COUNTY OF LOS ANGELES, et al., | |
| Defendant(s). | |

Pending before the Court is the order for Plaintiff to show cause in writing, no later than October 25, 2013, why the Court should not recommend dismissal of her complaint pursuant to Local Special Rule 2-2. Docket No. 7. Plaintiff has failed to file a response and has not since updated her address. For the reasons discussed more fully below, the Court hereby **RECOMMENDS** that Plaintiff's application to proceed in forma pauperis (Docket No. 5) be **DENIED** and that her complaint be **DISMISSED WITHOUT PREJUDICE**. As such, the Court further **RECOMMENDS** that her motion to expedite (Docket No. 4) be **DENIED** as moot.

"A party, not the district court, bears the burden of keeping the court apprised of any changes in [her] mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988); *see also In re Hammer*, 940 F.2d 524, 526 (9th Cir. 1991) (upholding denial of motion to set aside default judgment where party failed to update address). To that end, Local Special Rule 2-2 requires that plaintiffs seeking to proceed *in forma pauperis* must immediately file with the Court written

notification of any change of address.  The Rule further warns that "[f]ailure to do so may result in dismissal of the action with prejudice." *Id.*

On September 16, 2013, the Court Clerk's office mailed to Plaintiff a notice of a Court order. Docket No. 3 (Notice of Electronic Service).  That notice was returned to the Court as undeliverable, with a notation that no new address was provided for forwarding.  Docket No. 6.  As a result, on October 11, 2013, the Court ordered Plaintiff to show cause why her complaint should not be dismissed.  Docket No. 7.  That order expressly indicates that the failure of plaintiff to update her address "may result in dismissal of the action with prejudice."  *Id.* at 1 (quoting Local Special Rule 2-2.  Plaintiff failed to file a response to that order to show cause and has continued to fail to update her address with the Court even after the issuance of the order to show cause.

Plaintiff has violated the Local Rules in failing to update her address and has disobeyed the Court's order that she show cause why her complaint should not be dismissed.  Plaintiff's failure to update her address and her disobedience of the Court's order are abusive litigation practices that have interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice.  Sanctions less drastic than dismissal are unavailable because Plaintiff has continued to refuse to comply with the Local Special Rule even after the Court issued an order to show cause notwithstanding the Court's warning that case-dispositive sanctions may be imposed for such conduct.

Accordingly, in light of the circumstances outlined above, the Court hereby **RECOMMENDS** that Plaintiff's application to proceed in forma pauperis be **DENIED** and that her complaint be **DISMISSED WITHOUT PREJUDICE**.  As such, the Court further **RECOMMENDS** that her motion to expedite (Docket No. 4) be **DENIED** as moot.

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due

to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

IT IS SO ORDERED.

DATED: October 28, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge